# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CEDRIC ALLEN WILLIAMS**                                                            **PLAINTIFF**

**V.**                                                                                      **CAUSE NO. 3:16-CV-900-CWR-RHW**

**NANCY BERRYHILL**                                                                    **DEFENDANT**

## ORDER

Cedric Allen Williams appeals the Social Security Administration's denial of benefits. The Court has reviewed his various arguments for reversal, the government's opposition, and the Magistrate Judge's Report and Recommendation.

The standard of review is familiar:

> The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, and in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite her physical and mental limitations. However, the ALJ may not establish physical limitations or lack of such limitations without medical proof to support that conclusion. The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts. The ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position.

*Jackson v. Comm'r of Soc. Sec.*, No. 2:11-CV-177-SAA, 2012 WL 1392340, at *3 (N.D. Miss. Apr. 20, 2012) (quotation marks, citations, and brackets omitted).

In determining Williams' mental impairments and capacities, the ALJ considered evidence from Dr. Greg Johns, Dr. Jan Boggs, and several practitioners from the Weems Mental Health Center. The ALJ concluded that, with respect to activities of daily living and social functioning, "there is no persuasive corroborating evidence of moderate limitation persisting for any twelve-month period." The ALJ further concluded that Williams' "statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible." These

statements supported the ALJ's ultimate determination that Williams did not meet the standard for disability benefits. To make these findings, however, the ALJ had to discard the record evidence.

In Exhibit 1A, Dr. Johns of Disability Determination Services concluded that Williams had "moderate" difficulties in activities of daily living and social functioning. Dr. Johns also found that Williams' statements about the intensity, persistence, and functionally limiting effects of the symptoms *were* substantiated by the objective medical evidence. No record evidence contradicts these findings. Rather, evidence from Williams' treating nurse practitioner and supervising physician bolsters Dr. Johns' findings. *See* Exhibit 9F.

In casting doubt on Dr. Johns' work, the ALJ appears to have given more weight to Dr. Boggs' report. In Exhibit 3F, Dr. Boggs expressed doubt with Williams' effort during the exam, and yet added his observation that "as Mr. Williams left he had difficulty following directions to the bathroom." Dr. Boggs concluded that Williams suffered from "depressive disorder, NOS"; "does not appear to be literate"; and "in any case, he needs as much assistance as he can get." That is a startling finding from a consulting psychologist—especially from one whose opinions are so regularly affirmed by this Court. *E.g.*, *Wirick v. Colvin*, No. 3:14-CV-370-CWR-LRA, 2015 WL 4726490, at *3-*4 (S.D. Miss. July 28, 2015); *Fielder ex rel. T.T. v. Colvin*, No. 3:13-CV-1075-HTW-LRA, 2014 WL 3783321, at *4 (S.D. Miss. July 31, 2014).

Dr. Boggs conducted his examination in September 2013. More than a year and a half later, the ALJ issued a decision finding that Williams' depression had improved in 2014 and 2015 under treatment at the Weems Mental Health Center. That was a curious conclusion, however, given that earlier in her decision the ALJ found that Weems records were unreliable because "that provider is not an acceptable medical source." It appears that doctors and records were

valid and useful to the extent they confirmed the ALJ's impressions, but reasons were found to disparage them when they contradicted the ALJ's impressions.

In this case, all of the people to treat Williams, examine him, or review his records ended up with a less favorable view of his mental capacities than the ALJ. The Court concludes that the Social Security Administration violated the well-established principle "that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (collecting cases).

To the extent the ALJ saw conflicting evidence about Williams' impairments and capacities, especially the prospect of successful treatment of his symptoms, she could have sought more information from a treating or consulting physician. *See Jackson*, 2012 WL 1392340, at *3. That did not happen. Accordingly, the case must be remanded for further proceedings.[1]

**SO ORDERED**, this the 6th day of February, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered the argument that Williams failed to seek treatment for depression for one year in 2012-2013. *See* Report and Recommendation at 11 (citing *Doss v. Barnhart*, 137 F. App'x 689 (5th Cir. 2005) and *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)). A review of these cases reveals that failure to seek treatment is relevant but hardly dispositive. In *Doss*, for example,

> the ALJ determined that Doss did not have a longitudinal history of depression and had not been diagnosed with depression by a psychologist or a psychiatrist. Doss was advised to follow up with her treating physician concerning her depression. Although Doss reported that she was depressed to her physician, she apparently did not seek treatment or medication for her depression.

137 F. App'x at 690. *Villa* was similar: the plaintiff took no medication, had insufficient evidence of treatment, and had scant medical evidence of disability. 895 F.2d at 1024. In contrast, Williams has been diagnosed with depression by multiple medical professionals, has sought treatment repeatedly, has been on several medications with varying success, and presents evidence from his treating professionals of continued impediments to his ability to work.